# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nelson A. Cruz and Diana Cruz,<br><br>    Plaintiffs,<br><br>  -v-<br><br>Carlos M. Santana-DeLaRosa, Teudis M. Morales Constanza, Yesmy Molina, J&J Salgado Trucking LLC, and Alino A. Mercado Perez,<br><br>    Defendants. | |
| Yesmy Molina, J&J Salgado Trucking LLC, and Alino A. Mercado Perez,<br><br>    Third-Party Plaintiffs,<br><br>  -v-<br><br>Eric J. Naughton and F.R.P. Sheet Metal Contracting Corp.,<br><br>    Third-Party Defendants, | 2:21-cv-3656<br>(NJC) (ST) |
| Carlos M. Santana-DeLaRosa and Teudis M. Morales Costanza,<br><br>    Second Third-Party Plaintiffs,<br><br>  -v-<br><br>Eric J. Naughton and F.R.P. Sheet Metal Contracting Corp.,<br><br>    Second Third-Party Defendants. | |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

Plaintiffs Nelson A. Cruz ("Nelson Cruz") and Diana Cruz invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) over state-law claims against Defendants Carlos M. Santana-DeLaRosa ("Santana-DeLaRosa"), Teudis M. Morales Constanza ("Constanza"), J&J Salgado Trucking LLC ("J&J"), and Alino A. Mercado Perez ("Perez").[1] (*See* Compl., ECF No. 1.) On December 27, 2024, the Court issued an Order requiring Plaintiffs to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Order to Show Cause, ECF No. 106.) Plaintiffs responded by filing the Declaration of Eugene M. Bellin ("Bellin Declaration"), their attorney in this matter. (*See* ECF No. 107). The facts to which Bellin attests, however, do not establish this Court's jurisdiction under 28 U.S.C. § 1332(a). (*See* Elec. Order, Jan. 10, 2025.) This Court nevertheless provided Plaintiffs additional time to establish that this action meets the requirements for diversity jurisdiction. (*See id*.) Plaintiffs failed to submit any additional information.

The Court has reviewed the entire record, including Plaintiffs' Complaint (ECF No. 1), the full briefing and evidence submitted in connection with the motions for summary judgment filed by Defendants and Third-Party Defendants (ECF Nos. 103–105), Plaintiffs' response to the Court's Order to Show Cause (ECF No. 107), and J&J's Disclosure pursuant to Rule 7.1 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") (ECF No. 108). Plaintiffs have failed to establish that this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

---

[1] Yesmy Molina was originally named as a Defendant in the Complaint (ECF No. 1), but the parties filed motions to voluntarily dismiss her from the case, which this Court granted on January 31, 2024. (*See* ECF Nos. 94–96; Elec. Order, Jan. 31, 2024).

Accordingly, the Complaint is dismissed without prejudice for lack of jurisdiction under Rule 12(h)(3), Fed. R. Civ. P.

## LEGAL STANDARDS

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 616–17 (2d Cir. 2019) (citations and quotation marks omitted). As the Second Circuit has recognized, "[p]erhaps the most important limit is subject-matter jurisdiction, which defines a court's competence to adjudicate a particular category of cases." *Id.* (citation and quotation marks omitted). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Id.* at 617–18 (quotation marks omitted).

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120–21 (2d Cir. 2024); Fed. R. Civ. P. 12(h)(3). In order to establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must establish that there is complete diversity among the plaintiffs and defendants and that the amount in controversy exceeds $75,000. *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (citing 28 U.S.C. § 1332(a)).

## DISCUSSION

Plaintiffs have failed to establish the citizenship of Plaintiffs Nelson Cruz and Diana Cruz and Defendants Santana-DeLaRosa and J&J. [2] Plaintiffs thus fail to establish that there is complete diversity of citizenship between the parties as required for jurisdiction under 28 U.S.C. § 1332(a). *See Tagger*, 951 F.3d at 126.[3]

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). It is well-established that allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider factors including:

---

[2] Because Defendant Yesmy Molina was dismissed from this action, the Court only analyses her citizenship for the purpose of determining the citizenship of J&J. (*See* Elec. Order, Jan. 31, 2024; *see also infra* Discussion Section II.)

[3] Plaintiffs have demonstrated a "reasonable probability" that the $75,000 amount-in-controversy requirement is satisfied. *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). In Plaintiffs' responses to the Interrogatories of Santana-DeLaRosa and Constanza (ECF No. 103-4), Plaintiffs reported that as of April 28, 2022, Nelson Cruz had incurred the following damages in this case: $32,024.37 in physicians' services, $485.22 in medical supplies, $115,855.58 in hospital bills, $22,064.66 of which was paid by the worker's compensation carrier, and $38,720 in loss of earnings. (*Id.* at 10–11.) Thus, the record contains evidence that there is at least $165,020.51 in controversy in this case, which exceeds the $75,000 threshold required under 28 U.S.C. § 1332(a). Nevertheless, because Plaintiffs fail to establish complete diversity of the parties, this Court lacks jurisdiction under 28 U.S.C. § 1332(a).

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

## I.     Individual Parties

### a.     Plaintiff Nelson Cruz

The Complaint alleges that Nelson Cruz "is a citizen of the State of New York." (Compl. ¶ 5.) During his August 8, 2022 deposition, Nelson Cruz testified that he has lived in New York for the past ten years and worked in New York. (Nelson Cruz Dep. 7:16–17, 9:20–22, 12:8–13:17, ECF No. 103-6). He also testified that he was born in El Salvador and came to the United States in 1994, but did not testify as to whether he is a United States citizen or a person of foreign citizenship who is a lawful permanent resident of the United States. (*See id.* at 10:22–11:16).

Under 28 U.S.C. § 1332(a), federal courts have diversity jurisdiction over an action between "citizens of different States." 28 U.S.C. § 1332(a)(1). 28 U.S.C. § 1332(a) also confers federal courts with diversity jurisdiction over an action between "citizens of a State and citizens or subjects of a foreign state," but *not* over an action "between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). "[A] lawful permanent resident noncitizen domiciled in a state is *not* considered a citizen of that state for purposes of

5

diversity jurisdiction." *Sukar v. Ramkellawan*, No. 22-cv-3607, 2024 WL 1131074, at *2 n.1 (E.D.N.Y. Mar. 15, 2024) (emphasis added); *see Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126–27 (2d Cir. 2020) (per curiam) (holding that a citizen of Israel who was a lawful permanent resident of the United States and was domiciled in New York was an alien—not a New York citizen—for diversity purposes).

Neither the record nor the Complaint's conclusory allegation that Nelson Cruz is a New York citizen establishes that Nelson Cruz is a U.S. citizen domiciled in New York or a foreign citizen domiciled in New York, who is not a lawful permanent resident of this country. Bellin does not attest to facts demonstrating Nelson Cruz's domicile, but requests that Plaintiffs "be afforded additional time to submit affidavits confirming their New York domicile." (ECF No. 107 ¶ 8.) The Court extended the deadline for Plaintiffs to respond to the Order to Show Cause to January 17, 2025. (Elec. Order, Jan. 10, 2025.) That deadline has now elapsed, and Plaintiffs have failed to submit any additional evidence of Nelson Cruz's citizenship. Accordingly, Plaintiffs have failed to establish Nelson Cruz's citizenship for the purpose of assessing diversity jurisdiction.

    b. <u>Plaintiff Diana Cruz</u>

The Complaint alleges that "Plaintiff DIANA CRUZ is a citizen of the State of New York." (Compl. ¶ 6.) This allegation is conclusory and fails to demonstrate Diana Cruz's place of domicile. During his August 8, 2022 deposition, Nelson Cruz testified that he lived in New York with his wife, Diana Patricia Hena. (Nelson Cruz Dep. 9:23–10:3.) Plaintiffs have not, however, established that Diana Patricia Hena is the same person as Diana Cruz. Even if true, the fact that Diana Cruz has resided in New York since August 2022 is insufficient to establish her place of domicile as of the filing of the Complaint on June 29, 2021. *See Van Buskirk*, 935 F.3d at 53; *see*

*also* Compl. Bellin does not attest to facts establishing Diana Cruz's domicile, nor did Plaintiffs file any evidence setting forth such facts by the January 17, 2025 deadline to respond to the Order to Show Cause. *See supra* Discussion Section I(a). Accordingly, Plaintiffs have failed to establish Diana Cruz's citizenship for the purpose of assessing diversity jurisdiction.

      c. <u>Defendant/Third-Party Plaintiff Santana-DeLaRosa</u>

Plaintiffs have also failed to establish the domicile of Santana-DeLaRosa. The Complaint does not allege any non-conclusory facts about Santana-DeLaRosa's domicile and only alleges that he "is a citizen of the State of New Jersey." (Compl. ¶ 7.) The New York State Department of Motor Vehicles Police Accident Report dated June 18, 2021 (the "Police Accident Report") indicates that Santana-DeLaRosa's vehicle is registered at a New Jersey address but does not indicate that this address is Santana-DeLaRosa's place of residence. (ECF No. 103-5 at 2.) Bellin does not set forth facts establishing Santana-DeLaRosa's domicile. (*See* ECF No. 107; Elec. Order, Jan. 10, 2025.) Bellin indicates that, in their answer to the Complaint, Defendants admitted that "Santana-DeLaRosa is a citizen of the state of New Jersey." (ECF No. 107 ¶ 5.) Defendants' failure to contest this conclusory allegation in their answer does not establish that Santana-DeLaRosa is in fact a citizen of New Jersey because "failure of subject matter jurisdiction is not waivable." *Lussier*, 211 F.3d at 700. Bellin attests that "a google search of the address" connected to Santana-DeLaRosa's vehicle on the Police Accident Report "reveals what appears to be a residence." (ECF No. 107 ¶ 5.) These facts—that Santana-DeLaRosa has a car registered in New Jersey with an associated New Jersey address that "appears to be a residence" on a Google search, is insufficient to establish that Santana-DeLaRosa's domicile, or his "true fixed home," is in New Jersey. *Van Buskirk*, 935 F.3d at 53. Thus, Plaintiffs have failed to

7

establish that Santana-DeLaRosa is a citizen of New Jersey for the purpose of diversity jurisdiction.

    d. Defendant/Third-Party Plaintiff Constanza

As the Court previously found, the record establishes that Constanza is domiciled in Maryland. (Order to Show Cause at 6.) The Police Accident Report dated June 18, 2021 indicates that Constanza has a Maryland address and that he holds a Maryland driver's license. (ECF No. 103-5 at 2.) Together, these facts establish that Constanza was domiciled in Maryland when the Complaint was filed in June 2021 and, therefore, that he a Maryland citizen for the purpose of diversity jurisdiction. *See Lever*, 2021 WL 302648, at *7 (recognizing that facts relating to residence and driver's license are considered when assessing domicile).

    e. Defendant and Third-Party Plaintiff Perez

The Court has similarly found that the record establishes that Perez is domiciled in New Jersey because the Police Accident Report states that in June 2021, Perez had a New Jersey driver's license and an address in New Jersey. *See* ECF No. 106 at 6 (citing ECF No. 103-5 at 3); *Lever*, 2021 WL 302648, at *7. Perez is therefore a New Jersey citizen.

**II.    Defendant J&J Salgado Trucking LLC**

J&J is a limited liability company, so its citizenship "is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). The Complaint alleges that "YESMY MOLINA is the sole member of defendant J&J SALGADO TRUCKING LLC." (Compl. ¶ 11.) In response to the Court's Order to Show Cause, Plaintiffs attached to the Bellin Declaration the Certificate of Formation and a Certificate of Amendment of J&J, issued by the New Jersey Department of the Treasury. (ECF No. 107-1.) The Certificate of Amendment states that, as of May 22, 2018, J&J had two members, Yesmy Salgado and Jorge

8

Salgado, and that each of these members had a New Jersey address at that time. (*Id.* at 5.) Plaintiffs do not provide any further information about the identity of all members of J&J and the citizenship of those members at the time the Complaint was filed in 2021. (*Id.*; *see also* ECF No. 107.) In light of the inadequate information concerning the citizenship of J&J, the Court ordered J&J to file a disclosure statement as required under Rule 7.1, Fed. R. Civ. P. (Elec. Order, Jan. 10, 2025.) The Rule 7.1 disclosure form asks J&J to "[n]ame and identify the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor for purposes of establishing jurisdiction based upon diversity of citizenship (note: the citizenship of an L.L.C. is the citizenship of each of its members)." (*See* ECF No. 108.) In response to this Court's Order, J&J filed a Rule 7.1 disclosure dated January 14, 2025, which provides the following:

> J&J SALGADO TRUCKING, LLC. IS REGISTERED IN NEW JERSEY
>
> ALINO A. MERCADO PEREZ IS A RESIDENT OF NEW JERSEY
>
> YESMY MOLINA IS NO LONGER A PARTY TO THIS LAWSUIT BUT WAS ALSO A RESIDENT OF NEW JERSEY

(*Id.*) Neither the attachments to the Bellin Declaration nor J&J's Rule 7.1 disclosure definitively establish the identity of the members of J&J in 2021 when the Complaint was filed. It is unclear whether Jorge Salgado, who was a member of J&J as of May 22, 2018, ceased to be a member of J&J before the Complaint was filed in the action or since its filing. The record also does not establish whether Yesmy Salgado is the same person as Yesmy Molina, or if not, when Yesmy Salgado ceased to be a member of J&J.

Although this Court has found that Perez was a New Jersey citizen at the time the Complaint was filed, the record does not establish the citizenship of Jorge Salgado, Yesmy Salgado, or Yesmy Molina ("Molina), such that this Court can determine the citizenship of J&J. J&J's Rule 7.1 disclosure only addresses Molina's place of residence, which cannot alone

9

establish her domicile as required for the purpose of diversity jurisdiction. *Van Buskirk*, 935 F.3d at 53. The Complaint does not provide any non-conclusory factual allegations that establish Molina's citizenship, alleging only that she "is a citizen of the State of New Jersey." (Compl. ¶ 9.) There is no information in the record concerning the citizenship of Jorge Delgado or Yesmy Salgado, to the extent that Yesmy Salgado is a different person from Yesmy Molina. Because the record fails to establish the identity of J&J's members at the time the Complaint was filed and the citizenship of each of those members, Plaintiffs have failed to establish the citizenship of J&J for the purpose of diversity jurisdiction. *Carter*, 822 F.3d at 60 (2d Cir. 2016).

Due to Plaintiffs' failure to demonstrate the citizenship of Plaintiffs Nelson Cruz and Diana Cruz, Defendant/Third-Party Plaintiff Santana-DeLaRosa, and Defendant J&J, Plaintiffs have failed to establish that there is complete diversity between the Plaintiffs and Defendants in this action as required for this Court to exercise jurisdiction under 28 U.S.C. § 1332(a).

### III.  Amending the Complaint

Because Plaintiffs have failed to establish that this Court has subject matter jurisdiction over this action, this action must be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Do No Harm*, 96 F.4th at 120–21. In some cases, courts will "permit [a] Plaintiff an opportunity to amend its complaint to attempt to augment its jurisdictional allegations." *Acceptance Indem. Ins. Co. v. Crammer OConner Fiber Genesis*, No. 22-cv-1197, 2022 WL 14058786, at *4 (E.D.N.Y. Oct. 24, 2022).

Plaintiffs have not requested the opportunity to amend the Complaint. (*See* ECF No. 107.) After conducting full discovery, Plaintiffs responded to the Court's Order to Show Cause with an attorney declaration stating that "[t]he plaintiffs are unable to further document the

10

domiciles of the defendants at this time." (ECF No. 107 ¶ 7.) The Court granted Plaintiffs additional time to demonstrate Plaintiffs' citizenship, but Plaintiffs failed to file *anything* addressing Plaintiffs' citizenship by the Court's January 17, 2025 deadline. (*See id.* ¶ 8, Elec. Order, Jan. 10, 2025.) The Court thus finds that any amendment to Plaintiffs' Complaint to address the citizenship of Plaintiffs, Defendant/Third-Party Plaintiff Santana-DeLaRosa, and Defendant J&J would be futile. *Acceptance Indem. Ins. Co.*, 2022 WL 14058786, at *4.

This case is therefore dismissed and the parties' pending motions for summary judgment (ECF Nos. 103, 104, 105) are accordingly dismissed as moot.

## CONCLUSION

Plaintiffs have failed to establish that the parties to the main action are completely diverse, as is required for jurisdiction under 28 U.S.C. § 1332(a). This action is therefore dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), Fed. R. Civ. P. Accordingly, the parties' pending motion for summary judgment (ECF Nos. 103, 104, 105) are dismissed as moot. The Clerk of Court shall enter judgment and close this case.

Dated: Central Islip, New York
January 19, 2025

                                         */s/ Nusrat J. Choudhury*
                                         NUSRAT J. CHOUDHURY
                                         United States District Judge